UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER P. RUIZ | CIVIL ACTION |
| VERSUS | NO: 16-12135 |
| JAMIE M. JATHO ET AL. | SECTION: "H" |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 9) and Defendant AmTrust Financial Services, Inc.'s ("AmTrust") Motion for a More Definite Statement (Doc. 11). For the following reasons, the Motion to Remand is DENIED, and the Motion for a More Definite Statement is GRANTED.

### BACKGROUND

This is a civil action originally filed in the 24th Judicial District Court, Parish of Jefferson. Defendant AmTrust Financial Services, Inc. removed the case to this Court, invoking diversity jurisdiction. Plaintiff responded with the instant Motion for Remand on grounds that the parties lack complete diversity. AmTrust argues in response that the actual parties in interest satisfy diversity

1

requirements and seeks information by a Motion for More Definite Statement to support that assertion.

This case arises out of an automobile accident that occurred in St. Charles Parish on November 18, 2014, when an automobile owned and operated by Defendant Jamie M. Jatho ("Jatho"), a Louisiana resident, collided with the automobile operated by Plaintiff Christopher P. Ruiz, a Louisiana resident. Plaintiff was driving an automobile owned by his employer Rex Steam Pressure & Detail Service ("Rex"). At the time of the accident, Jatho was insured by Progressive Direct Insurance Company ("Progressive").

On October 2, 2015, Plaintiff executed a release of his claims against Jatho and Progressive.[1] In exchange for $15,000, Plaintiff agreed to release both Jatho and Progressive "from claims, demands, damages, costs, expenses, and losses on account of personal injuries, or other specified expenses and/or general damages" that Plaintiff may have had arising out of the accident. In the agreement, Plaintiff included two express reservations of rights, which state as follows:

> This is a limited release and discharge with an express agreed upon absolute reservation of all rights by Chris Ruiz, where all rights are reserved, maintained and retained by Chris Ruiz against Jamie M. Jatho and all parties only to the extent legally required and necessary for Chris Ruiz to pursue prosecute and recover for claims and lights asserted against any other insurer(s) of Jamie M. Jatho.
> Further, this is a limited release and discharge with an express agreed upon absolute reservation of all rights by Chris Ruiz, where all rights are reserved, maintained and retained by Chris Ruiz against Jamie M. Jatho and all parties only to the extent legally required and necessary for Chris Ruiz to pursue prosecute and recover for claims and rights asserted against all insurers of the claimant Chris Ruiz and/or his employer Rex Pressure and Detail Service, including specifically but not in any

---

[1] Doc. 1-1, p. 12.

2

manner limited to Amtrust Insurance Comapany [sic] *aka* Milwaukee Casualty Insurance Company Policy No.: MPP101605000.

On April 12, 2016, Plaintiff filed suit against Jatho and insurers of Rex, Milwaukee Casualty Insurance ("Milwaukee") and AmTrust Financial Services, Inc. ("AmTrust"), in the 24th Judicial District Court for the Parish of Jefferson for bodily injuries and property damage, as well as loss of consortium claims on behalf of his two minor children. In the petition, Plaintiff alleges that his damages exceed the liability limits of Jatho's policy, making Jatho underinsured according to Louisiana law. Plaintiff therefore seeks claims against UM insurance policies issued to Rex by Defendants Milwaukee and AmTrust (both foreign defendants).

AmTrust subsequently filed a Notice of Removal on diversity grounds. Plaintiff now seeks to remand this case arguing a lack of complete diversity between the parties. Specifically, Plaintiff points out that Plaintiff, his minor children, and Jatho are residents of Louisiana. In opposition, AmTrust argues that the release bars Plaintiff from bringing any claim against Jatho and, therefore, Jatho is fraudulently joined and cannot be considered for diversity purposes. AmTrust also argues that Plaintiff has not established that he is a proper party to bring a claim on behalf of his minor children, and it seeks a more definite statement regarding such.

## LEGAL STANDARD

### I.  Motion to Remand

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden

---

[2] 28 U.S.C. § 1441(a).

3

is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3]  When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4]  Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## II.   **Motion for More Definite Statement**

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response."[6]  The moving party "must point out the defects complained above and the details desired."[7]  "When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8."[8]  Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9]  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[10]  In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[11]  Rule 12(e) motions are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the

---

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*
[5] *Id.*; *Camellia Grill Holdings, Inc. v. Grill Holdings, LLC*, CIV.A. 15-3795, 2015 WL 5775003, at *1 (E.D. La. Sept. 30, 2015).
[6] Fed. R. Civ. Pro. art. 12(e).
[7] *Id.*
[8] *Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006).
[9] Fed. R. Civ. Pro. art. 8(a)(2).
[10] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).
[11] *See Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, Nos. 10–1333, 10–2296, 2012 WL 2087438, at *6 (E.D. La. June 8, 2012).

defendant seriously in attempting to answer it."[12]   This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[13]

## LAW AND ANALYSIS

This Court will consider each of the motions pending before it in turn.

### I. Motion to Remand

First, Plaintiff argues that this matter should be remanded because this Court lacks diversity jurisdiction.  Defendant rebuts that the non-diverse defendant, Jatho, is fraudulently joined and that without him, diversity exists and jurisdiction is established.  Plaintiff argues that Jatho is not fraudulently joined because (1) in his settlement with Jatho, Plaintiff reserved some rights to proceed against him, and (2) Plaintiff has brought a loss of consortium claim on behalf of his two minor children who are Louisiana residents and have not released Jatho.  This Court will consider each argument in turn.

*1. Plaintiff's limited release and reservation of rights against Jatho*

The Fifth Circuit has established a clear standard for determining when a defendant has been fraudulently joined.[14]  The removing party must show that there is absolutely no possibility that the plaintiff could recover against the in-state defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.[15]  The court does not determine

---

[12] *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13–594, 2013 WL 3155224 (E.D. La. June 19, 2013).

[13] *Murungi v. Tex. Guaranteed*, 646 F.Supp. 2d 804, 811 (E.D. La. 2009) (citations omitted); *Boudreaux v. Shell Oil Co.*, No. 13-4762, 2014 WL 348545, at *1–2 (E.D. La. Jan. 31, 2014).

[14] *Fortier v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 717638, at *2 (E.D. La. Sept. 13, 1999).

[15] *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

whether plaintiff will prevail on the merits but merely considers whether there is any possibility that plaintiff might prevail.[16]

In evaluating a fraudulent joinder claim, the court must employ a summary judgment-like procedure.[17] The court resolves all factual allegations and ambiguities in the controlling state law in favor of the plaintiffs.[18] Although the court may "pierce the pleadings" to examine evidentiary material, it should not conduct a full evidentiary hearing on questions of fact.[19] If no viable claims exist against the non-diverse defendant, the court considers him fraudulently joined and must therefore disregard his presence when determining diversity jurisdiction under 28 U.S.C. § 1332.[20]

"[T]his Court looks to the substantive law of Louisiana to determine whether there is any possibility that [a] plaintiff can recover against [the non-diverse] defendants . . . in state court and, accordingly, whether [a] plaintiff fraudulently joined the Louisiana residents to defeat diversity jurisdiction."[21] AmTrust alleges that Plaintiff cannot succeed on his claims against Defendant Jatho because he has already settled those claims and signed a release of any further claims against Jatho. Louisiana courts have consistently held that the doctrine of res judicata "applies [to bar a claim] where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties."[22] Article 3071 of the Louisiana Civil Code defines a compromise as "an agreement between two or more persons, who, for preventing or putting

---

[16] *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).
[17] *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *B, Inc.*, 663 F.2d at 549.
[18] *See B, Inc.*, 663 F.2d at 550.
[19] *See Sid Richardson*, 99 F.3d at 751; *Green*, 707 F.2d at 204.
[20] *See Burden*, 60 F.3d at 217–18.
[21] *Fortier*, 1999 WL 717638 at *2.
[22] *Bailey v. Martin Brower Co.*, 658 So. 2d 1299, 1301 (La. App. 1st Cir. 1995). *See also Bielkiewicz v. Rudisill*, 201 So. 2d 136 (La. App. 3rd Cir. 1967).

6

an end to a lawsuit, adjust their differences by mutual consent."[23] Once entered into, a compromise attains the legal effect of the thing adjudged.[24]

Plaintiff and Jatho clearly entered into a compromise "intended to prevent a lawsuit and to adjust their differences by mutual consent."[25] Plaintiff accepted $15,000 in exchange for his agreement to "release and forever discharge" Jatho and his insurer from "claims, demands, damages, costs, expenses, and losses on account of personal injuries, or other specified expenses and/or general damages" in connection with the alleged accident. Plaintiff is, therefore, precluded by the doctrine of res judicata from pursuing any claims against Jatho that he has previously released. Plaintiff argues, however, that he reserved certain rights in the release that allow him to proceed against Jatho here.

Plaintiff contends that the release reserved his right to bring suit against Jatho "in his capacity as an at fault driver, for all claims against Jatho beyond his minimal Progressive policy limits."[26] However, the release states otherwise. In it, the release reserves Plaintiff's right to proceed against Jatho "*only to the extent legally required and necessary* for [Plaintiff] to pursue prosecute and recover [sic] for claims and rights asserted against any other insurer(s)" of Jatho, Plaintiff, or Plaintiff's employer "including specifically but not in any manner limited to Amtrust Insurance Comapany [sic] aka Milwaukee Casualty Insurance Company Policy No.: MPP101605000."[27]

---

[23] *See Rivett v. State Farm Fire and Casualty Co.*, 508 So. 2d 1356, 1359 (La. 1987); *Boudreaux v. Leblanc*, 517 So. 2d 911, 913 (La. App. 3rd Cir. 1987).
[24] *See* La. Civ. Code art. 3078; *Rodriguez v. Louisiana Tank, Inc.*, 657 So. 2d 1363 (La. App. 1st Cir. 1995).
[25] *Fortier*, 1999 WL 717638 at *3.
[26] Doc. 9-1.
[27] Doc. 1-1.

7

Accordingly, Plaintiff may only proceed on a claim against Jatho if it is legally necessary to do so to recover on claims against AmTrust and Milwaukee.

Under Louisiana law, Plaintiff is not required to include Jatho in this suit in order to proceed against Milwaukee and/or AmTrust. According to the petition, Jatho is not an insured of either insurer. Rather, Plaintiff's employer, Rex, is the insured on both UM policies under which Plaintiff seeks recovery. Accordingly, this Court can divine no reason, nor has Plaintiff provided one, why Jatho is a necessary party to this action. Therefore, the release operates as res judicata on Plaintiff's claims against Jatho in this matter.

### 2. *Plaintiff's claims for loss of consortium brought on behalf of his two minor children*

Plaintiff also argues, however, that this case lacks diversity jurisdiction because he has brought claims against non-diverse Jatho on behalf of his minor children, also Louisiana residents, who were not parties to the release. Indeed, Plaintiff did not sign the release on behalf of his children when he settled his claims with Jatho. Therefore, if there is a possibility that Plaintiff could recover against Jatho on behalf of his children, diversity would be destroyed. Defendants have argued, however, that Plaintiff has failed to show that he has the capacity to bring claims on behalf of his minor children.

Under Federal Rule of Civil Procedure 17(b), a person's capacity to sue on behalf of another is determined under state law. Article 683 of the Louisiana Code of Civil Procedure requires that "[a]n unemancipated minor has no procedural capacity to sue" and that "[a]ll persons having parental authority over an unemancipated minor must join as proper plaintiffs to sue to enforce a right of the minor, unless a joint custody implementation order

8

otherwise applies."[28]  Under Louisiana law, a divorced parent does not have the capacity to bring suit on behalf of his children unless and until he is formally qualified as the children's tutor.[29]

Plaintiff's petition fails to include sufficient information to determine whether Plaintiff has the capacity to bring claims on behalf of his children. This Court cannot, therefore, determine at this time whether these claims are fraudulently joined.  This brings the Court to Defendant's Motion for More Definite Statement.

## II.   Rule 12(e) Motion for More Definite Statement

Defendant AmTrust moves for a more definite statement from Plaintiff regarding his capacity to sue on behalf of his children.  Rule 12(e) provides as follows: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Under the liberal pleading approach of the federal rules, plaintiffs need only make a short and plain statement of the claim showing that they are entitled to relief.[30]

Here, Plaintiff's state court petition is devoid of any mention of his marital status, tutorship, or custody arrangements.   Specifically, the petition fails to allege that Plaintiff is the only person having parental authority over the unemancipated minors, or alternatively, that he has been appointed as the children's tutor.  Accordingly, this Court can determine neither whether he has the procedural capacity to bring suit on behalf of his children nor whether remand is appropriate.  Defendant's request for a more definite statement is

---

[28] La. Code Civ. Pro. art. 683.
[29] *See* La. Code Civ. Pro. art. 4061; *Barrow v. Doe*, No. 11-1497, 2011 WL 5439287, at *1 (E.D. La. Nov. 9, 2011).
[30] Fed. R. Civ. Pro. art. 8(a); *Burks v. Bogalusa City School Bd.*, 1999 WL 64947, at *3 (E.D. La., 1999).

granted. Plaintiff shall amend his Complaint within 20 days of this Order, adding a short and plain statement alleging sufficient facts to show the he has the capacity to bring claims on behalf of his two minor children.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Rec. Doc. 9) is DENIED and AmTrust's Motion for a More Definite Statement (Rec. Doc. 11) is GRANTED. Plaintiff shall amend his Complaint within 20 days of this Order, adding a short and plain statement alleging sufficient facts to show the he has the capacity to bring claims on behalf of his two minor children.

New Orleans, Louisiana this 6th day of October, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**